**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**Case No.: 26-cv-22984-JB**

EDDY TAMAYO LOPEZ,

        Petitioner,

v.

DEPARTMENT OF HOMELAND
SECURITY, *et al.*

        Respondents.

_____/

**<u>ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS</u>**

**THIS CAUSE** comes before the Court upon Petitioner Jeff Alain Jeune's Verified Petition for Writ of Habeas Corpus (the "Petition"). ECF No. [1]. Respondents filed a Response in opposition to the Petition. ECF No. [5]. Respondents also filed a Supplement, ECF No. [8], pursuant to the Court's Order requesting additional information, ECF No. [9]. Upon due consideration of the parties' submissions, the pertinent portions of the record, and the applicable law, for the reasons explained below, the Petition is **DENIED**.

## I.   BACKGROUND

Petitioner is a Cuban citizen currently detained at the Krome North Service Processing Center in Miami, Florida. ECF No [1] at 4; ECF No. [8] at 2. On December 30, 2023, Petitioner was served with a Notice to Appear ("NTA"), which classifies Petitioner as an "arriving alien" and charges him with inadmissibility under Section 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act ("INA"). ECF No. [6-2]. On

1

December 17, 2025, Petitioner was served with a new NTA, which likewise classifies Petitioner as an "arriving alien" and charges him with inadmissibility under Section 212(a)(7)(A)(i)(I) of the INA.  ECF No. [6-6].

On April 28, 2026, Petitioner filed the instant Petition.  ECF No. [1].  Petitioner challenges the constitutionality of his continued detention.  *Id*. at 6–7.  Petitioner asks the Court to order his immediate release from custody.  *Id*. at 7.

Respondents filed their Response to the Petition.  ECF No. [8].  Respondent argues that Petitioner is an arriving alien subject to mandatory detention without bond under 8 U.S.C. § 1225(b).  *Id*. at 3–6.  Respondent also argues that Petitioner's due process claim fails because he is being detained pursuant to valid statutory authority.  *Id*. at 6–7.

## II.   ANALYSIS

District courts have the authority to grant writs of habeas corpus.  *See* 28 U.S.C. § 2241(a).  Habeas corpus is fundamentally "a remedy for unlawful executive detention."  *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (citation omitted).  A writ may be issued to a petitioner who shows that he is being held in custody in violation of the Constitution or federal law.  *See* 28 U.S.C. § 2241(c)(3).  The Court's jurisdiction extends to challenges involving immigration detention.  *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

Section 1225 governs the inspection, detention, and removal of applicants for admission.  *See* 8 U.S.C. § 1225 *et seq*.  Applicants for admission are defined as noncitizens "present in the United States who ha[ve] not been admitted" or those

"arriv[ing] in the United States." *Id.* Section 1182(a)(7) provides that an individual who "at the time of application for admission, is not in possession of a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document required by the [INA], and a valid unexpired passport, or other suitable travel document . . . " is ineligible to be admitted to the United States. 8 U.S.C. § 1182(a)(7). As relevant here, an individual properly characterized "under section 1182(a)(6)(C) or 1182(a)(7)" by an immigration officer shall be removed from the United States "without further hearing or review unless the alien indicates either an intention to apply for asylum under section 1158 of [the INA] or a fear of persecution." 8 U.S.C. § 1225(b)(1)(A)(i). Individuals detained pursuant to Section 1225(b)(1) are subject to mandatory detention without an opportunity for a bond hearing. *See Rosabal Blanco v. Bondi*, No. 26-cv-00051, 2026 WL 2143696, at * 3 (M.D. Fla. Jan. 28, 2026) ("A noncitizen subject to expedited removal under § 1225(b)(1) is subject to mandatory detention); *Jennings*, 583 U.S. at 302 ("In sum, §§ 1225(b)(1) and (b)(2) mandate detention of aliens throughout the completion of applicable proceedings and not just until the moment those proceedings begin.").

That is the situation here. Both of the NTAs issued to Petitioner classify Petitioner as an "arriving alien" and charge him with inadmissibility under Section 212(a)(7)(A)(i)(I) of the INA, which is codified at 8 U.S.C. § 1182(a)(7)(A)(i)(I), "as an immigrant who, at the time of application for admission, is not in possession of a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document required by the [INA], and a valid unexpired passport, or other suitable

3

travel document . . . ."  ECF No. [6-2]; ECF No. [6-6].  As such, Petitioner is properly detained without a bond hearing under § 1225(b)(1).

Even though Petitioner was initially paroled into the United States pending removal proceedings, the Court's conclusion remains the same.  *See Garcia v. United States*, No. 25-cv-1053, 2025 WL 3537592, at * 1 (M.D. Fla. Dec. 10, 2025) (finding that although petitioner spent time in the United States after being released on an order of recognizance and was later re-apprehended, this did not change petitioner's initial classification as an "arriving alien" at the border).  "When the purpose of the parole has been served, 'the alien shall forthwith return or be returned to the custody from which he was paroled and thereafter his case shall continue to be dealt with in the same manner as that of any other applicant for admission to the United States.'"  *Jennings*, 583 U.S. at 288.  Here, given that the "purpose of parole has been served," Petitioner is classified under the same legal status as when he first entered the United States.  *Id.* at 297.  Thus, Petitioner's initial release on parole "shall not be regarded as an admission of the alien" and did not change his initial status as an "arriving alien."  *Id.* at 288.  Accordingly, Petitioner is subject to mandatory detention under § 1225(b)(1) and is not entitled to a bond hearing.

### III.    CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Petitioner the Verified Petition for Writ of Habeas Corpus, ECF No. [1], is **DENIED**. The Clerk is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida this 22nd day of June, 2026.

_____

**JACQUELINE BECERRA**
**UNITED STATES DISTRICT JUDGE**

5